**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**


THEODORE A. LEE,

                    Petitioner,                          Case Number: 05-CV-70729

v.                                                       HONORABLE VICTORIA A. ROBERTS

PAUL H. RENICO,

                    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

        Petitioner Theodore A. Lee has filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Petitioner, who is currently incarcerated at the Riverside

Correctional Facility in Ionia, Michigan, challenges his convictions for third-degree criminal

sexual conduct and second habitual offender.  Respondent has filed an Answer in opposition to

the petition.  The Court concludes that Petitioner's claims lack merit and denies the petition.

**I.      Background**

        Petitioner was originally charged in Muskegon County Circuit Court with first-degree

criminal sexual conduct and being a third habitual offender.  On September 13, 2001, Petitioner

pleaded no contest to third-degree criminal sexual conduct and guilty to being a second habitual

offender pursuant to a plea agreement.  Although the information contained in the court file at

the time Petitioner entered his guilty plea stated charges of first-degree criminal sexual conduct

and third habitual offender, the prosecutor and defense counsel had agreed following the

preliminary examination in the district court that the criminal sexual conduct charge would be

reduced to third-degree criminal sexual conduct.  This was noted on the record at the plea

hearing and the prosecutor amended the information to add a third-degree criminal sexual

conduct count.  The terms of the plea agreement as announced at the plea hearing were as

follows: in exchange for Petitioner's no contest plea, the prosecutor would dismiss the first-

degree criminal sexual conduct charge and reduce the habitual offender charge from third to

second.  There was also an agreement that the minimum sentence of incarceration would not

exceed ten years.

On October 11, 2001, Petitioner was sentenced to 10 to 22½ years imprisonment.

Petitioner was appointed appellate counsel for his direct appeal, but counsel moved to withdraw

from the case on the ground that no meritorious grounds for appeal were present.  The trial court

granted the motion.  People v. Lee, No. 01-46247-FC (Muskegon County Circuit Court Nov. 18,

2002).

On August 12, 2002, Petitioner filed a motion to withdraw his plea in the trial court.  The

trial court denied the motion.  People v. Lee, No. 01-46247-FC (Muskegon County Circuit Court

Oct. 3, 2002).

Petitioner filed a motion for relief from judgment in the trial court claiming that the plea

bargain was illusory, that he was threatened by his attorney into accepting the plea, that he was

not sentenced within the bounds of the sentencing agreement, and that the trial court had

insufficient time to review the sentencing information report.  The trial court denied the motion.

People v. Lee, No. 01-46247-FC (Muskegon County Circuit Court Apr. 4, 2003).

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals.

Petitioner presented the following claims for relief:

> I.       Was defendant deceived into a waiver of his constitutional right by prosecutors at
>          the beginning stages of criminal stage in district court, did lack of communication

between prosecutor's office involve harmless error, plain error, or misconduct?

II.     Would defendant's negotiation (Cobbs) result in any other advantage to the defendant if this normal procedure was not influenced by the court's participation?

III.    What is reasonable time in regards to the disclosure before the day of sentencing, for the presentence report, could the court have considered all of the information within the report, before final acceptance of the sentence agreement and imposing sentence, if the report was brought the day of sentencing?

The Michigan Court of Appeals denied leave to appeal "for lack of the merit in the grounds presented." People v. Lee, No. 252380 (Mich. Ct. App. March 18, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which denied leave to appeal. People v. Lee, No. 125946 (Mich. Oct. 25, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

I.      Unfulfilled plea agreement/promise of leniency.

II.     Court's participation in plea negotiation.

III.    Prosecutorial misconduct.

IV.     Disclosure of presentence report before the day of sentencing, and the court's ability to review all information before final acceptance of plea agreement.

V.      Ineffective assistance of appellate counsel.

**II.     Standard of Review**

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an
        unreasonable application of, clearly established Federal law, as
        determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in the
        State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a

petitioner's claims unless the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law.  Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).

Additionally, this Court must presume the correctness of state court factual determinations.  28

U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give

complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary

to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly
> established precedent if the state court applies a rule that contradicts the
> governing law set forth in our cases. . . .

> A state-court decision will also be contrary to this Court's clearly established
> precedent if the state court confronts a set of facts that are materially
> indistinguishable from a decision of this Court and nevertheless arrives at a result
> different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States

---

[1]     28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State
> court, a determination of a factual issue made by a State court shall
> be presumed to be correct.

Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the

"unreasonable application" clause when "a state-court decision unreasonably applies the law of

this Court to the facts of a prisoner's case." Id. at 409.  The Court defined "unreasonable

application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should
> ask whether the state court's application of clearly established federal law was
> objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect
> application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application"
> clause, then, a federal habeas court may not issue the writ simply because that
> court concludes in its independent judgment that the relevant state-court decision
> applied clearly established federal law erroneously or incorrectly.  Rather, that
> application must also be unreasonable.

Id. at 409-11.

## III.     Discussion

Petitioner has filed a "Request for Court to Have Respondent Fully Comply with Rule 5."

Rule 5 of the Rules Governing Section 2254 cases requires that, as part of its answer, respondent

shall file a copy of any prior decisions, pleadings, briefs, and transcripts necessary to adjudicate

the issues presented.   The Court finds that the portions of the state court record filed by

Respondent are adequate to allow the Court to fairly adjudicate Petitioner's claims.

In his first claim for habeas corpus relief, Petitioner argues that the plea bargain was

illusory because the charge of habitual offender third was not supported by sufficient evidence

where Petitioner had been convicted of only one prior felony.  He also argues that the habitual

offender third charge could not have been enforced because it was filed outside the required

twenty-one day period.  *See* Mich. Comp. Laws § 769.13 (requiring a prosecutor to file written

notice of intent to seek an enhanced sentence under habitual offender provision within 21 days

after the defendant's arraignment on the information charging the underlying offense).  In

denying Petitioner's motion for relief from judgment, the trial court judge held that the plea

bargain was not illusory.  Petitioner has failed to show that the state court's decision was

contrary to or an unreasonable application of Supreme Court precedent or that it was based upon

an erroneous determination of the facts in light of the evidence.  Petitioner has not established

that the habitual offender charge was invalid.  Moreover, even assuming that the charge was

invalid, a plea bargain is not rendered illusory even where a charge dropped in exchange for the

plea bargain is later discovered to have lacked foundation or sufficient evidence.  *See* United

States v. Quisenberry, 1999 WL 1073659 * 5 (6th Cir. Nov. 17, 1999).

Next, Petitioner claims that his plea was invalid because the trial court judge improperly

participated in plea negotiations by conducting a Cobbs evaluation.  Petitioner's reference to a

Cobbs evaluation is a reference to People v. Cobbs, 443 Mich. 276, 505 N.W.2d 208 (1993),

which permits a defendant to enter a guilty plea in reliance on the trial court's initial evaluation

as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the

sentence actually imposed exceeds the preliminary evaluation.  Cobbs expressly states that a

Cobbs evaluation must be undertaken at the request of a party, not on the judge's own initiative.

Id. at 283, 505 N.W.2d at 212.

Federal Rule of Criminal Procedure 11(e) establishes standards for plea agreement

procedures including prohibiting the court from participating in any discussions between the

parties concerning a plea agreement.  State courts are not required to follow the procedures set

forth in Fed. R. Crim. P. 11.  *See* Jones v. Parke, 734 F.2d 1142, 1148 (6th Cir. 1984); Waddy v.

Heer, 383 F.2d 789 (6th Cir. 1967).  Thus, this Court examines the trial court's alleged

involvement in plea negotiations to determine whether it violates due process concerns or

Petitioner's right to a fair trial, not to determine whether the trial court complied with Fed. R.

Crim. P. 11.  *See* <u>Frank v. Blackburn</u>, 646 F.2d 873, 882 (5th Cir. 1980).

     Having reviewed the transcript of the trial court's acceptance of the guilty plea, this

Court finds that the trial court did not violate Petitioner's right to a fair trial or due process by

improperly participating in plea negotiations.  Petitioner was simply informed that the court had

undertaken a <u>Cobbs</u> evaluation and concluded that the minimum sentence would not exceed ten

years.  The trial court judge expressly stated at the plea hearing that he had not participated in

plea negotiations.  Neither party challenged that statement.  Thus, the Court finds that Petitioner

has failed to show any action by the trial court judge which would have rendered Petitioner's

plea involuntary.

     In his third claim for habeas relief, Petitioner claims that the prosecutor committed

misconduct by threatening Petitioner with a harsher sentence if he did not accept the plea.  The

Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a

petitioner is bound by his in-court statements regarding the plea.  <u>Ramos v. Rogers</u>, 170 F.3d

560, 564 (6th Cir. 1999).  During the plea colloquy, Petitioner was specifically asked whether

anyone threatened him in order to convince him to plead guilty.  Petitioner stated that he had not

been threatened.  Petitioner is bound by his statements during the plea colloquy that he was not

coerced into entering the guilty plea.  <u>Id</u>, 170 F.3d at 564 (6th Cir. 1999)  Additionally, the fact

that Petitioner faced a greater sentence should he proceed to trial did not amount to coercion.

<u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 363-64 (1978) (holding that a prosecutor may warn a

defendant during the plea negotiation process that he risks a more severe punishment or a greater

charge should he proceed to trial).

Fourth, Petitioner claims that disclosure of the pre-sentence information report shortly before sentencing did not provide the sentencing judge adequate time to review the report prior to sentencing.  Petitioner raised this claim in his motion for relief from judgment.  The sentencing judge denied the motion finding that he had adequate time to review the report prior to sentencing.  *See* Opinion and Order denying motion for relief from judgment at p. 2, (Apr. 4, 2003).

A sentence violates due process when "it was carelessly or deliberately pronounced on an extensive and materially false foundation which the prisoner had no opportunity to correct." Draughn v. Jabe, 803 F. Supp. 70, 80 (E.D. Mich. 1992), *aff'd,* 989 F.2d 499 (6th Cir. 1993), *citing* Townsend v. Burke, 334 U.S. 736, 741 (1948).  A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence.  The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence."  United States v. Stevens, 851 F.2d 140, 143 (6th Cir. 1988).

Petitioner fails to show that the time period provided the court to review the pre-sentence information report was too short to allow the judge adequate time for review or that the report contained incorrect information upon which his sentence was based.  Therefore, this claim fails to assert a constitutional violation.

Finally, Petitioner claims that appellate counsel was ineffective in failing to raise the claims raised in his petition on direct review.  To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that counsel's deficient

performance prejudiced the petitioner.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

"[T]here can be no constitutional deficiency in appellate counsel's failure to raise meritless

issues."  <u>Mapes v. Coyle</u>, 171 F.3d 408, 413 (6th Cir. 1999).  As discussed above, the claims

presented in the habeas petition are meritless.  Petitioner cannot establish ineffective assistance

where counsel failed to raise meritless issues.

## IV.     Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus

is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**


**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**


**Dated:  August 17, 2006**

---

**The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner   by electronic means or U.S. Mail on August 17, 2006.**

**S/Carol A. Pinegar**
**Deputy Clerk**

---

9